IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 27,439-04 & 27,439-05






EX PARTE JAMES ERNEST FREEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NOS. 460036W & 438101D

IN THE 372ND DISTRICT COURT OF TARRANT COUNTY



 

 Per curiam.


 O R D E R



 These are applications for writs of habeas corpus which were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offenses of possession of a forged check with the intent to pass and possession of a
controlled substance. Punishment was assessed at fifteen years' confinement. Applicant did
not pursue a direct appeal.

 Applicant contends that he has been improperly denied credit for the time he was
released on parole.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits
from the appropriate officials from Texas Department of Criminal Justice - Correctional
Institutions Division or Texas Department of Criminal Justice - Parole Division, or it may
order a hearing. In the appropriate case the trial court may also rely on its personal
recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has been improperly denied credit for the time he was released on
parole. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 45 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
60 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 7TH DAY OF JUNE, 2006.


EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.